## MARKS v. KING.

(Supreme Court, Appellate Division, Second Department.   December 30, 1896.)

TRIAL—TAKING CASE FROM JURY—CONFLICTING EVIDENCE.

It is a question for the jury whether a sale was made to defendant individually, where plaintiff testifies that defendant said he bought the property for himself, and took possession of it, though there was other evidence, put in by plaintiff, that the sale was to a corporation which defendant was organizing.

Appeal from trial term, Westchester county.

Action by Harry Marks against Jose B. King for the purchase price of a manufacturing plant.   The complaint was dismissed on the trial at the close of plaintiff's case, and from a judgment entered on such dismissal, plaintiff appeals.   Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Smith Lent, for appellant.
Sidney F. Rawson, for respondent.

WILLARD BARTLETT, J.    The plaintiff brought this action to recover his share of the purchase price of a plant for the manufacture of dry mortar at the village of Sing Sing, which he alleged had been sold and delivered to the defendant, by himself and his co-owners, for the agreed price of $5,000.   The answer contained a general denial, a plea of the statute of limitations, and two other

separate defenses based on the statute of frauds.     At the close of the case for the plaintiff, the learned trial judge held that the sale was made to a corporation known as the Kings-Windsor Dry Mortar Cement Company, and not to the defendant King, and accordingly he dismissed the complaint.

Now, no doubt, there was testimony put in by the plaintiff tending to show that a corporation was the real purchaser, instead of the defendant; but there was other evidence tending to show the contrary, which seems to have been overlooked by the court in granting the motion to dismiss.     For the purposes of the motion, the plaintiff was entitled to have that evidence viewed in the most favorable light; and it was quite sufficient, in my opinion, to support a finding by the jury to the effect that the plant was bought by the defendant personally, and delivered to him individually.     Among other things, the plaintiff swore that the defendant told him that he had purchased the property himself, and the plaintiff also testified that he and his associates ceased to manufacture dry mortar, and Mr. King took possession of their plant.     It is true that the other testimony, to which I have referred, would have sustained a different finding, relieving the defendant from liability on the ground that the property was really bought by the corporation.     This, however, did not entitle the defendant to a dismissal of the complaint.

The question as to who was the purchaser should have been left to the jury, and, for the error in refusing to submit it to them, the judgment must be reversed, and a new trial granted, with costs to abide event.     All concur.